# Exhibit A

Citation - Small Claims Money Damages                                Tracking Number: E0116217

## Case Number: 183100354896

| | | |
|---|---|---|
| Deborah Jones<br>Plaintiff<br>vs.<br>Monterey Financial Services, Inc., et al<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§ | In the Justice Court<br>Harris County, Texas<br>Precinct 3, Place 1<br>14350 Wallisville Road<br>Suite 102<br>Houston, TX 77049<br>713-274-0760 |

*recevez 8/14/18* 

### Citation (Small Claims Case)

THE STATE OF TEXAS
COUNTY OF HARRIS

TO: **ANY SHERIFF, CONSTABLE, PROCESS SERVER CERTIFIED UNDER ORDER OF THE SUPREME COURT, OTHER PERSON AUTHORIZED BY COURT ORDER, OR CLERK:**

Deliver this citation, together with a copy of the petition, to:

Monterey Financial Services, Inc., et al
4095 Avenida De La Plata
Oceanside CA 92065
Phone Number: .

*ATTN: Chris Hughes*

**TO THE DEFENDANT:**
You have been sued. You are commanded to appear by filing a written answer to the petition filed by Plaintiff with the Clerk of the Court <u>on or before the end of the 14th day after the date of service</u> of this citation. If you fail to file an answer as required, a judgment by default may be rendered for the relief demanded in the petition.

Date Petition Filed: 07/20/2018

Nature of demand made by Plaintiff(s): money owed in the amount of $3,000.00. A copy of the petition is attached.

### Notice

You have been sued. You may employ an attorney to help you in defending against this lawsuit. But you are not required to employ an attorney. You or your attorney must file an answer with the court. Your answer is due by the end of the 14th day after the day you were served with these papers. If the 14th day is a Saturday, Sunday, or legal holiday, your answer is due by the end of the first day following the 14th day that is not a Saturday, Sunday, or legal holiday. Do not ignore these papers. If you do not file an answer by the due date, a default judgment may be taken against you. For further information, consult the Texas Rules of Civil Procedure, Part V, Rules of Practice in Justice Courts. A copy of the Rules is available at http://www.jp.hctx.net/ or at the Justice Court.

Date: 8/1/2018

/s/ Leslie McCaffrey
Clerk of the Court
Harris County Justice Court
Precinct 3, Place 1

Address of Plaintiff

12602 Arbor Garden Ln
Houston TX 77066

Address of Plaintiff's Attorney

Page 1 of 1                                                      Revised: 06/09/2016

JU26H

Deborah Jones
12602 Arbor Garden Ln
Houston, TX 77066
Phone Number:
Email:

DEBORAH JONES IN PRO SE

NO. 183100354896

| | |
|---|---|
| DEBORAH JONES | ) IN THE JUSTICE COURT OF |
| Plaintiff | ) HARRIS COUNTY, TEXAS |
| | ) Precinct __3__ Place __1__ |
| vs. | ) COMPLAINT FOR DAMAGES AND |
| | ) INJUNCTIVE RELIEF FOR VIOLATIONS OF: |
| MONTEREY FINANCIAL SERVICES, INC., et al | ) (1) THE FAIR DEBT COLLECTION PRACTICE ACT 15 U.S.C. § 1692, ET SEQ. |
| Defendant | ) (2) TEXAS DEBT COLLECTION PRACTICES ACT TEX. FIN. CODE ANN. § 392. |

TO THE HONORABLE JUDGE OF SAID COURT:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Congress wrote the Fair Debt Collection Practices Act, ("FDCP"") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to promote consistent state action to protect consumers against debt collection abuses.

2. The TEXAS DEBT COLLECTION PRCTICES ACT TEX. FIN. CODE ANN. § 392 was enacted to ensure that debt collectors exercise responsibility with fairness, honesty, and due regard for the debtor's rights and prohibit debt collectors from engaging in abusive practices.

3. Plaintiff, DEBORAH JONES, ("Plaintiff") brings this lawsuit to challenge the actions of Defendant, MONTEREY FINANCIAL SERVICES, INC. ("Defendant") Monterey Financial Services Inc., dba Monterey Collection Services with regards to Defendant's unlawful debt collection practices

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own experiences, and, as to all matters.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid such violations.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of Defendant.

8. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of Texas.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over Defendant because Defendant conducts business within the State of Texas and has purposefully availed itself of the laws and markets of the State of Texas and this district.

10. Venue is proper in the Justice Court of Harris County as Plaintiff resides in the County of Harris, State of Texas, which in within this judicial district.

## PARTIES TO THE ACTION

11. Plaintif, DEBORAH JONES, ("Plaintiff") at all times relevant has resided at 12602 Arbor Garden Ln, Houston, TX 77066.

12. Defendant, MONTEREY FINANCIAL SERVICE, INC., ("Monterey or Defendant"), is incorporated in in the State of California with its principle place of business in Oceanside, California, and conducts business within the State of Texas.

13. Defendant, in the ordinary course of business, regularly, on behalf of itself and others, engages, in "debt collection" as is termed is defined by TEXAS DEBT COLLECTION PRACTICES ACT TEX. FIN. CODE ANN. § 392.

14. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit."

15. Defendant has been the subject to numerous lawsuits regarding these violations (see ARANA v. MONTEREY FINANCIAL SERVICES INC. (April 5, 2016.) United States District Court, S.D. California. Case No. 15cv2262-LAB (BGS); EDITH DIXON v. MONTEREY FINANCIAL SERVICES, INC. (June 15, 2016) Alameda County Superior Court, California. Case No. RG16-819651 (Class Action Suit); CAROLYN HERBERT, v. MONTEREY FINANCIAL SERVICES, INC. United States District Court of Connecticut – September 28, 2001, violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692(e), ("FDCPA") and the Connecticut Unfair Trade practices Act, Conn. Gen. Stat. § 42-110a et seq. ("CUTPA"); Robinson v. Monterey Financial Services, LLC United States District Court, Middle District of Florida § 2:17-CV-00520-UA-MRM filed September 20, 2017 – Class Action).

16. Monterey Financial Services was founded in 1989, and its collection arm is Monterey Collection Services. They are also known as Monterey Billing Services and Monterey Loan Servicing. Based in Oceanside, California.

17. As of April 2017, the Better Business Bureau reported 64 closed **Monterey Financial Services** complaints within the previous three years, including 26 closed Monterey Financial Services complaints within the previous 12 months. In addition, Justia lists 11 Monterey Financial Services complaints filed in federal court in the past year alleging violations of the Fair Debt Collection Practices Act, one alleging violations of the Fair Credit Reporting Act, and three alleging violations of the Telephone Consumer Protection Act. Furthermore, the Consumer

- 3 -
COMPLAINT FOR DAMAGES

Financial Protection Bureau (CFPB) lists 79 closed Monterey Financial Services complaints for 2016.

## FACTUAL ALLEGATIONS

18. On March 9, 2017, Plaintiff is alleged to have incurred a debt for transmission rebuild from Built Right Transmission and financed with Nextep Funding (Exhibit A).

19. Before the first installment payment was made, Plaintiff received notice from Nextep Funding that payments were to be made to Monterey Financial Services.

20. Plaintiff began making payments to Monterey Financial Services, Inc. as a third party collection agency up until Hurricane Harvey struck.

21. Shortly thereafter, Plaintiff contacted Monterey Financial Services, Inc. to see if the remaining balance could be waived since the vehicle was flooded and was under 6' of water for over a week, and the vehicle was no longer operable. Plaintiff was informed she needed to contact Nextep Funding, as they would have to make that decision. They were only assigned to collect the debt.

22. On or about the end of September 2017, Plaintiff contacted Nextep to explain the situation and wanted to have the remaining balance owed waived due to Harvey and the payments that had been made covered the cost for the rebuilt transmission. Upon speaking with Morgan he informed me he would confer with the owner and get back with me. We had several conversations to put this request into action.

23. During that time Monterey Financial Services continued to call and email me regularly to which I informed them I was a victim of Hurricane Harvey and that I was working with Nextep on a agreement regarding this account. I was told each time I spoke with them, they would make a notation of this, however, I still continued to receive calls from them. I would again explain I was in negotiations with Nextep regarding my account, to which one representative was very rude and said they hadn't received anything from Nextep and that I needed to make a payment.

- 4 -
COMPLAINT FOR DAMAGES

This went on for several months to the point where I began to block their number. Then Monterey began sending emails. I informed Morgan with Nextep of the calls and emails.

24. Finally on February 22, 2018 the agreement was amended stating I would pay $126.75. Upon payment the account would be closed and all negative reporting would be removed from all the credit reporting agencies (Exhibit B).

25. Morgan indicated the agreement had to be signed by a certain date, however, there was no deadline to make the final payment. (Exhibit C)

26. On March 1st and 5th Alana Ashton called regarding the payment. Once again I informed them that there was no deadline on making the payment, and since I was unemployed, I would be making the payment once the funds become available. On March 5th Alana became very rude, harassing me that I needed to make the payment and continued to cut me off as I was once again explaining things to her. I ended the call and blacked her number.

27. On March 13, 2018, I received an email from Alana Ashton stating "we have attempted to work with you in drastically decreasing what is due to the amount of $126.75 all fees included and even offered to remove the negative credit reporting if this amount was paid. I spoke to you on the 1st and the 5th and as we have yet to come to a resolution, my final recommendation will be placed by Friday 3/16/18 for collections placement where you could assess almost an additional $700 in collections fees." First of all Monterey Financial Services Inc., had no input on the decision to amend the agreement, let alone remove any negative reporting. This was drawn up by Nextep not Monterey. Second, there was no deadline to make the payment. Alana's actions constituted a violation of the Fair Debt Collection Act, because now she was attempting to collect a debt using unlawful practices.

### FIRST CAUSE OF ACTION FOR VIOLATION OF
### THE FAIR DEBT COLLECTION PRACTICES ACT
### ("FDCPA") 15 U.S.C. § 1692 ET SEQ.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

30. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692 (k)(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692 (k)(a)(2).

### SECOND CAUSE OF ACTION FOR VIOLATION OF
### TEXAS DEBT COLLECTION PRACTICES ACT
### TEX. FIN. CODE ANN. § 392.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple violation of the TDCPA.

33. As a result of each and every violation of the TDCPA, Plaintiff is entitled to any actual damages not less than $100.00 or more than $500.00 for each violation; statutory damages in the amount of $1,000.00.

### PRAYER FOR RELIEF

WHEREFORE, it is apparent that Defendant has a long history of these violation and continues to violate these laws set in place to protect consumers. Plaintiff prays that judgment be entered against Defendant for:

- An award for actual damages, in the amount of $500.00, pursuant to 15 U.S.C. § 1692 (k)(a)(1).

- An award for actual damages, in the amount $500.00, pursuant to TEX. FIN. CODE ANN. § 392 (TDCPA).
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692 (k)(a)(2)(a).
- An award of statutory damages of $1,000.00, pursuant to TEX. FIN. CODE ANN. § 392 (TDCPA).
- That the Court preliminarily and permanently enjoin Defendant from engaging in the unlawful debt collection practices stated herein.

Dated: June 8, 2018                                  Respectfully submitted

/s/ Deborah Jones
Deborah Jones/Pro Se
12602 Arbor Garden Ln
Houston, TX  77066
djones0656@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Complaint has been sent via certified mail, return receipt to Monterey Financial Services, Inc. on the _8th_ day of _June_, 2018.

/s/ Deborah Jones

Mr. Chris Hughes
Monterey Financial Services, Inc.
4095 Avenida De La Plata
Oceanside, CA  92065

Instruction: A plaintiff requesting a default judgment must provide to the Clerk in writing the last known mailing address of the defendant. This notice must be filed at or before the time the default judgment is signed. The clerk must immediately mail written notice of the default judgment to the defendant at the address provided. Rule 503.1

NO. 1831003548916

Deborah Jones §  
_____ §  
PLAINTIFF(S) §  
vs. §  
Monterey Financial §  
Services, et al §  
_____ §  
DEFENDANT(S) §

IN THE JUSTICE COURT OF  
HARRIS COUNTY, TEXAS  
PRECINCT 3 PLACE 1

## NOTICE OF DEFENDANT'S LAST KNOWN MAILING ADDRESS

The undersigned certifies that the last known mailing address of the defendant against whom a default judgment is taken in this case is:

Defendant's name: Monterey Financial Services Inc.

Defendant's last known mailing address:  
4095 Avenida De La Plata  
Oceanside, CA 92065

Submitted on 7/19/18

(Signature of Plaintiff or Plaintiff's Attorney of Record)  
Printed Name: Deborah Jones  
Address: 12602 Arbor Garden Ln  
Houston, TX 77066  
Telephone: 214-1094-1668  
Fax:  
E-Mail: djones0656@gmail.com

## JUSTICE COURT CIVIL CASE INFORMATION SHEET (4/13)

CAUSE NUMBER *(FOR CLERK USE ONLY):* 183100354896

STYLED Deborah Jones vs Monterey Financial Services, Inc. et al
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition is filed to initiate a new suit. The information should be the best available at the time of filing. This sheet, required by Rule of Civil Procedure 502, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | 2. Names of parties in case: |
|---|---|---|
| Name: Deborah Jones | Telephone: 214-694-4668 | Plaintiff(s): Deborah Jones |
| Address: 12602 Arbor Garden Ln | Fax: | |
| City/State/Zip: Houston, TX 77066 | State Bar No: | Defendant(s): Monterey Financial Services, Inc. et al |
| Email: djones0656@gmail.com | | [Attach additional page as necessary to list all parties] |
| Signature: Deborah Jones | | |

**3. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| ☒ ***Debt Claim***: A debt claim case is a lawsuit brought to recover a debt by an assignee of a claim, a debt collector or collection agency, a financial institution, or a person or entity primarily engaged in the business of lending money at interest. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. | ☐ ***Eviction***: An eviction case is a lawsuit brought to recover possession of real property, often by a landlord against a tenant. A claim for rent may be joined with an eviction case if the amount of rent due and unpaid is not more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. |
|---|---|
| ☐ ***Repair and Remedy***: A repair and remedy case is a lawsuit filed by a residential tenant under Chapter 92, Subchapter B of the Texas Property Code to enforce the landlord's duty to repair or remedy a condition materially affecting the physical health or safety of an ordinary tenant. The relief sought can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. | ☐ ***Small Claims:*** A small claims case is a lawsuit brought for the recovery of money damages, civil penalties, personal property, or other relief allowed by law. The claim can be for no more than $10,000, excluding statutory interest and court costs but including attorney fees, if any. |

Instructions: The Servicemembers Civil Relief Act applies to a civil proceeding in the Justice Courts. Before entering a default judgment against an individual defendant, the plaintiff must file with the court an affidavit stating whether or not the defendant is in the military service, showing necessary facts to support the affidavit, or stating that the plaintiff is unable to determine whether or not the defendant is in military service, if that is the case. The requirement for an affidavit may be satisfied by a written, signed document declared to be true under penalty of perjury. If it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant. If the court is unable to determine if the defendant is in military service, the court may require plaintiff to file a bond in an amount approved by the court.
A person who makes or uses an affidavit under this Act knowing it to be false, may be fined or imprisoned or both. 50 U.S.C. App. 501 et seq.
To obtain certificates of service or non-service under the Servicemembers' Civil Relief Act, you may access the public website: https://scra.dmdc.osd.mil/scra/#/home. This website will provide the current active military status of an individual.

**Military Status Affidavit**

Case No. __183100354896__   § In the Justice Court of

__Deborah Jones__   § Harris County, Texas
Plaintiff   §
   §
vs.   §
__Monterey Financial Services, Inc.__   § Precinct __3__, Place __1__
Defendant   et al   §

BEFORE ME, on this day personally appeared, __Deborah Jones__,
who, under penalty of perjury, stated that the following facts are true:
I am the ☒ Plaintiff ☐ attorney of record for the Plaintiff in this proceeding.

☐ __Monterey Financial Services__, Defendant, is not in military service.

☐ _____, Defendant, is in military service.

I know this because _____

☒ I am unable to determine whether or not the Defendant is in military service.

Signed on __7/19/18__   Signature: _(signed)_
Printed Name: __Deborah Jones__
Address: __12602 Arbor Garden Ln__
__Houston, TX 77066__
Telephone: _____
Fax: _____
E-Mail Address: _____

THE STATE OF TEXAS §
COUNTY OF HARRIS §

SWORN TO AND SUBSCRIBED BEFORE ME on __July 19, 2018__

_____   _____
Clerk of the Court   NOTARY PUBLIC, State of Texas



Rachelle Angelo
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 7/30/2019
NOTARY ID 12619991-4

JUDGE JOE STEPHENS
JUSTICE OF THE PEACE
PRECINCT 3, PLACE 1

2018 JUL 20 AM 11:24

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chris Hughes
Monterey Financial Svcs
4095 Avenida De La Plata
Oceanside, CA 92056

9590 9402 3799 8032 5076 09

2. Article Number (Transfer from service label)
0018 0340 0001 7070 6525

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_
☐ Agent
☐ Addressee

B. Received by (Printed Name) Gina Padilla
C. Date of Delivery 6/29

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt